# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DERRELL B. WILLIAMS,** #305-646<br>Plaintiff, | : |
| | : |
| v. | Civil No. L-10-3159 |
| | : |
| **WARDEN BOBBY P. SHEARIN,** NBCI<br>Defendant | : |

## MEMORANDUM

On November 5, 2010, Derrell B. Williams filed a civil rights action seeking transfer and "place[ment] on protective custody" because "I'm not safe" at North Branch Correctional Institution in Cumberland ("NBCI"), a maximum security facility. Docket No. 1 at 8. Now pending before the Court is Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. Docket No. 15. Defendant moves for dismissal or summary judgment because Williams has received the transfer sought, thus rendering moot his claim for relief. See Docket No. 23.

### I. BACKGROUND

Initially, counsel for Defendant Shearin, the Warden at NBCI, indicated that corrections personnel had approved a request to transfer Williams out of state under the Interstate Corrections Compact ("ICC"). As of March 1, 2011, a final determination on interstate transfer had not been made by Division of Correction headquarters personnel. Docket No. 15, attachment to Declaration of Steven F. Roach, Case Management Specialist II, Exhibit 3 at 2. Defendant has provided supplemental material indicating that Williams has in fact been transferred to another Maryland Division of Correction facility, the Eastern Correctional Institution at Westover ("ECI"), where he is housed as a medium security prisoner. Docket No. 23.

### II. STANDARD OF REVIEW

Under the 2010 revisions to Fed. R. Civ. P. 56(a) & (c):

A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Under the controlling Supreme Court standard, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

In conducting the aforementioned analysis, the court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 376–77 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Id. at

380.

## III. ANALYSIS

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Id. at 283 (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). A claim that is moot may be considered by the Court, however, if it is "capable of repetition, yet evading review." Fed. Election Comm'n v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007). The exception is limited to exceptional situations. See Incumaa v. Ozmint, 507 F. 3d 281, 289 (1983). "In the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

Transfer or release typically moots claims for injunctive and declaratory relief. Incumaa v. Ozmint, 507 F.3d at 286–87; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); but see Withers v. Levine, 615 F.2d 158 (4th Cir. 1980) (event that triggered litigation capable of repetition).

Williams sought injunctive relief mandating his transfer from the maximum-security NBCI on the grounds of his safety concerns. He is now housed in a medium-security facility located on Maryland's eastern shore. The requested transfer having been accomplished, his claim for relief is now moot. If his safety is called into question at this new facility and corrections personnel fail to respond, he may again seek recourse in this Court by filing a new action.

In light of the absence of a live case or controversy, the Court will, by separate Order of even date, GRANT Defendant's Motion to Dismiss or for Summary Judgment. Docket No. 15.

Dated this 3rd day of October, 2011

/s/
_____
Benson Everett Legg
United States District Judge